IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

WEYERHAEUSER COMPANY

VS.                                           CIVIL ACTION NO. 2:07cv13-KS-MTP

DERRELL R. NETTERVILLE, AN
INDIVIDUAL DEFENDANT,
COUNTERCLAIMANT, CROSS-
CLAIMANT

VS.

WEYERHAEUSER COMPANY,
DEFENDANT ON COUNTERCLAIM

AND

LARRY BUFFINGTON, AN INDIVIDUAL,
DUDLEY F. LAMPTON, AN INDIVIDUAL

AND

JOHN T. ARMSTRONG, JR., AN
INDIVIDUAL DEFENDANT ON CROSS-CLAIM

## ORDER

This cause is before the Court on [4] Motion to Remand by John T. Armstrong, Jr., Dudley F. Lampton and Weyerhaeuser Company and [7] Motion to Strike Motion to Remand filed by Derrell R. Netterville, and the Court after reviewing same and the memoranda submitted therewith along with authorities and being fully advised in the premises, finds that the Motion to Remand and Motion to Strike Motion to Remand should be **overruled** and that the [9] Motion to Strike John T. Armstrong's affidavit and [10] Motion to Strike Exhibit 1 by Derrell R. Netterville should be dismissed as moot for the hereinafter stated reasons.

## FACTUAL BACKGROUND

In 1999 Weyerhaeuser Company obtained a judgment in the Chancery Court of Lawrence County, Mississippi against Derrell R. Netterville in an amount in excess of $100,000.00. The pleadings indicate that in excess of $100,000.00 remains due and owing on the judgment. Apparently, there was very little activity in this matter following the obtaining of the judgment. The seven year statute of limitations had almost run on the judgment and Weyerhaeuser Company filed a subsequent complaint in the Chancery Court of Lawrence County, Mississippi to have the judgment renewed. Derrell R. Netterville, the defendant, filed a counterclaim against Weyerhaeuser Company and a cross-claim against Larry Buffington, the judge who signed the original judgment and the presiding judge over the suit to renew judgment, and also against Dudley F. Lampton and John T. Armstrong, Jr., the attorneys representing Weyerhaeuser Company.  The counterclaim and cross-claims of Mr. Netterville brought actions in the nature of RICO and other causes of action which are factually complex in nature.

Jurisdiction of this court was asserted by Netterville to be pursuant to 28 U.S.C. §§ 1332 (diversity) and 1331 (federal question). The Motion to Remand alleges a lack of diversity and federal question jurisdiction, as well as the statement that the minimum jurisdictional limits of this court have not been pled.

## ANALYSIS

Weyerhaeuser Company is a Washington corporation doing business in Mississippi and Derrell R. Netterville is an adult resident citizen of the State of Mississippi. The suit in the Lawrence County Chancery Court is for an amount in excess of $100,000.00, and thus meets the minimum jurisdictional limit of this Court. The original action is an action between Weyerhaeuser and Netterville, residents of different states.  This Court has jurisdiction over the suit to renew judgment pursuant to 28 U.S.C. § 1332.  However, Netterville has added a counterclaim and cross-claims against Mississippi residents, thus destroying total diversity.

Apparently, he seeks to invoke federal jurisdiction by filing RICO claims. The RICO claims are enforceable in state court, as well as in federal court, and in and of themselves do not give this Court jurisdiction. The time for Netterville to collaterally attack the judgment has long since passed and the RICO claims and other claims against Armstrong, Lampton and Buffington are not proper in a suit to renew judgment.

While Rule 13 Fed. R. Civ. P. provides for courts to liberally allow counterclaims and cross-claims, the claims in this case exceed the limits of liberality granted by said rule. There is no way to try the original complaint and counterclaim and cross-claims in the same trial, even if this Court had jurisdiction they would be separated under Rule 13(i) *Id.* For the reasons stated above, the Court finds that there has been an improper joinder of counterclaims and cross-claims and that same should be dismissed without prejudice. See *Butcher v. Hildreth*, 992 F. Supp. 1420 (D. Utah, 1998), also Fed. R. Civ. P. 19.

For the reasons above stated, this Court finds that the Motion to Remand and the Motion to Strike Motion to Remand are **overruled** and the original complaint is retained in this Court. The counterclaim and cross-claims filed by Netterville are dismissed without prejudice. The Motion to Strike Affidavit of John T. Armstrong, Jr., and the Motion to Strike Exhibit 1, are dismissed as moot.

SO ORDERED this the 13th day of June, 2007.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE