**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**WEYERHAEUSER COMPANY**                                          **PLAINTIFF**

**VERSUS**                                   **CIVIL ACTION NO. 2:07cv13KS-MTP**

**DERRELL R. NETTERVILLE**                                     **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on Motion for Summary Judgment **[#15]** filed on behalf of the plaintiff. The court, having reviewed the motion, the pleadings and exhibits on file, being advised that the defendant has failed to respond, and being otherwise fully advised in the premises finds that the motion is well taken and should be granted. The court specifically finds as follows:

**FACTUAL BACKGROUND**

In 1999, Defendant Derrell R. Netterville ("Netterville") sued the plaintiff, Weyerhaeuser Company ("Weyerhaeuser"), in the Chancery Court of Lawrence County, Mississippi, claiming ownership of certain tracts of land situated in Lawrence County as to which Weyerhaeuser and its predecessors in title had a deraignment of title going back more than a hundred years. Because Netterville had, before filing the action, recorded certain documents claiming title to the tracts owned by Weyerhaeuser, Weyerhaeuser brought a counterclaim against Netterville to clear the cloud on its title and to recover monetary damages caused by Netterville's acts.

The state court found that Weyerhaeuser was the owner of the tracts in question, and that Netterville's actions constituted a blatant attempt to cloud Weyerhaeuser's title, even though Netterville obviously had no valid claim to ownership of the lands. Accordingly, on December 17, 1999, the court entered a Final Judgment (the "Judgment") against Netterville in the total amount of $110,750, to bear interest at the legal rate of 8% per annum until paid.

To date, Netterville has made no payments whatsoever toward the balance due on the Judgment. Accordingly, Weyerhaeuser filed this action to renew the Judgment in the Chancery Court of Lawrence County, Mississippi, on December 8, 2006. The action was then removed to this court by Netterville. Netterville improperly included in his "notice of removal and complaint" certain claims against Weyerhaeuser's attorneys and the judge who entered the Judgment against him in the state action. On June 13, 2007, this court entered its Order dismissing those claims since "[t]he time for Netterville to collaterally attack the judgment has long since passed and RICO claims and other claims against Armstrong, Lampton and Buffington are not proper in a suit to renew judgment."

As of June 19, 2007, there is presently due and owing to Weyerhaeuser on the Judgment $177,200.00, which includes interest at the rate of 8% from and after the date of the Judgment, together with costs.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file,

2

together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment. *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." *Id.* "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477

U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).

In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion. *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978). In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In Re Municipal Bond Reporting*

4

*Antitrust Lit.* , 672 F.2d 436, 440 (5th Cir. 1982).  To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda.  The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e), Fed.R.Civ.P.  *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'"  *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

There is a seven-year statute of limitations for bringing an action founded on a judgment rendered by a Mississippi court.  *See* Miss. Code Ann. § 15-1-43.  However, a Mississippi judgment can be renewed "'by the filing of another suit upon the judgment before the expiration of seven years from the date of the rendition thereof.'"  *Anderson-Tully Co. v. Brown*, 383 So. 2d 1389, 1390 (Miss. 1980) (quoting *Street v. Smith*, 85 Miss. 359, 364, 37 So. 837, 838 (1905)); accord *Deposit Guar. Nat'l Bank v. Biglane*, 427 So. 2d 945, 952 (Miss. 1983); Op. Miss. Att'y Gen. No. 2003-0235, 2003 WL 21363333 (May 23, 2003); *see also Lloyd v. Bank of the South*, 1999-CA-02030-SCT (¶ 17), 796 So. 2d 990 (Miss. 2001) (in addition to a separate action wherever venue is proper, renewal judgments may be sought by motion in the court where the judgment was originally rendered).

Here, the Judgment was filed on December 17, 1999.  This action was commenced on December 8, 2006, less than seven years from the date the Judgment was rendered. Accordingly, this action to renew the Judgment was properly filed in a timely manner.

In proceedings to renew a judgment, "no inquiry into the merits is permitted, and defenses are generally limited to matters arising after the entry of the judgment," such as that the judgment has been paid, released, or otherwise discharged.  50 C.J.S. Judgments § 647 (2007).  A judgment debtor can attack the judgment sought to be renewed if the judgment was void from the outset, *see Bank of Mississippi v. Knight (In re Knight)*, 208 F.3d 514 (5th Cir. 2000), as for want of jurisdiction. 50 C.J.S., *supra*, § 647.

Netterville does, in fact, claim that the Judgment is "facially void" because it was entered by a "non-judge [who] presumed facts which were not in evidence." (Def.'s Notice of Removal and Complaint ¶ 11); *see also id.* (Netterville disputes that Weyerhaeuser obtained a valid judgment against him, which could only be shown by records demonstrating that "Weyerhaeuser proved up [its] claim of damages via testimony of a competent fact witness, under oath, in open court, subject to crossexamination regarding authenticated evidence of damages").)  However, Netterville's arguments go to the merits and do not provide a proper basis for defending against a renewal proceeding, as this court recognized in its June 13, 2007 Order. Moreover, it was Netterville himself who invoked the state court's jurisdiction in bringing the action in which the Judgment was rendered against him, and the court specifically, and correctly, found that it had jurisdiction over the parties and the subject matter of the

action. (Final Judgment ¶ 1.) See Miss. Const. art. 6, § 160 (the chancery court has jurisdiction in suits to try title and to cancel deeds and other clouds upon title to real estate). As such, the Judgment was not void when entered and can properly be renewed in this proceeding.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Summary Judgment **[#15]** filed on behalf of the plaintiff is Granted and the judgment against defendant Derrell R. Netterville originally entered on December 17, 1999, is renewed for all purposes. The balance on the judgment as of June 19, 2007 is $177,200.00, plus interest from said date at the rate of 8% per annum, plus costs.

SO ORDERED AND ADJUDGED this the 7th day of November, 2007.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE